UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:20-cr-00276-GMN-EJY-1 |
| vs. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| DAVID HOWARD BABIT, | |
| Defendant. | |

Pending before the Court is the Motion for Sentence Reduction ("MSR"),[1] (ECF No. 112), filed by Defendant David Howard Babit. The Government filed a Response, (ECF No. 119), to which Defendant did not file a reply. Also pending before the Court is Defendant's Motion to Seal, (ECF No. 113).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction and **GRANTS** his Motion to Seal.[2]

///

///

---

[1] Pursuant to this Court's General Order 2020-06, the Federal Public Defender's ("FPD") office was appointed to determine if supplementation of Defendant's Motion was needed. (Min. Order, ECF No. 114). The FPD's office declined to file a supplement to Defendant's Motion. (Notice Non-Supplementation, ECF No. 116). "This suggests that the [FPD's] office has already screened [Defendant's] [M]otion and determined that he is not eligible for compassionate release at this time." *United States v. Taylor-Nairn*, No. 18-cr-5094, 2023 WL 3738053, at *2 (W.D. Wash. May 31, 2023).

[2] The exhibits Defendant seeks to seal contain personal identifying information and confidential medical records. Accordingly, the Court finds good cause to seal the records. *See, e.g.*, *United States v. Prince*, No. 2:16-cr-00225, 2023 WL 205501, at *1 n.2 (D. Nev. Jan. 17, 2023) (finding defendant's privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves"); *Hernandez v. Cnty. of Monterey*, No. 13-cv-02354, 2023 WL 4688522, at *5 (N.D. Cal. July 21, 2023) (collecting cases finding good cause to seal records containing personal identifying information)

## I. BACKGROUND

In November 2012, Defendant pleaded guilty to two counts of Coercion and Enticement in violation of 18 U.S.C. § 2422(b). (*See* Mins. Proceedings, ECF No. 57); (Information, ECF No. 54). The Court sentenced Defendant to 188 months per count to be served concurrently. (Am. J., ECF No. 111). Defendant is presently in custody at FCI Low Beaumont in Texas. *See* Federal BOP, Find an Inmate, https://www.bop.gov/inmateloc/, (last visited July 8, 2024). Defendant now moves for a sentence reduction. (ECF No. 112).

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he is eligible for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022) (explaining that it is the defendant's burden to establish his eligibility for compassionate release).

The Sentencing Commission has recently issued guidelines regarding when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b).

The Guidelines note several relevant circumstances, including (1) the medical circumstances of the defendant; (2) the advanced age of the defendant resulting in "a serious deterioration in physical or mental health;" (3) "[t]he death or incapacitation of the caregiver of the defendant's minor child;" (4) whether the defendant, while in custody, was the victim of sexual or physical abuse; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release. *Id.*

### III.  DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies. (*See generally* Resp., ECF No. 119).  The Court thus turns to whether Defendant has shown extraordinary and compelling reasons warranting a sentence reduction.  Defendant argues that a sentence reduction is warranted based on: (1) his age, combined with his deteriorating health; (2) the BOP is unable or unwilling to treat his medical conditions; (3) his medical conditions elevate his risk of severe complications if he contracts COVID-19; (4) he is the only available caretaker for his parents; and (5) his rehabilitation.[3] (*See generally* MSR). The Court examines each reason in turn.

**A. Age & Deteriorating Health**

Defendant first argues that the Court should reduce his sentence because of his advanced age and risk of physical deteriorating due to his medical conditions. (MSR at 3).  The new amendments to the Sentencing Guidelines establish that, where a defendant is at least 65 years of age and has completed 10 years of their sentence, "a serious deterioration in physical or

---

[3] "Although the [C]ourt commends [Defendant] for taking these strides and does not intend to minimize his progress, such rehabilitative efforts do not alone establish 'extraordinary and compelling' circumstances warranting compassionate release." *United States v. Brooks*, No. 19-cr-0093, 2023 WL 6442595, at *3 (W.D. Wash. Oct. 3, 2023) (citing 28 U.S.C. § 994(t)) (stating that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence").  Accordingly, the Court's examination is limited to Defendant's remaining four reasons.

mental health because of the aging process" constitutes an extraordinary and compelling reason for reduction of the defendant's sentence. U.S.S.G § 1B1.13(b)(2).

Defendant does not meet these requirements. He was born on March 28, 1972, making him 52-years-old, well-below the 65-year-old threshold set by the amendment. (PSR ¶ 78). Moreover, as of the time of this Order, he has only served 77 months of his 188-month sentence, which is below the 10-year threshold set by the amendment. (*See* MSR at 1) (acknowledging he has served "77 months with a projected release date of May 11, 2028"). Accordingly, a sentence reduction is not warranted on this basis.

### B. Medical Conditions

Next, Defendant argues that his medical conditions, which include high blood pressure, type II diabetes, hypothyroidism, stage III chronic kidney disease, anemia, high cholesterol, gastritis, urticaria, peripheral neuropathy, arthropathy, several allergies, and various orthopedic issues, are an "extraordinary and compelling" reason to grant a reduction. (MSR at 2–3). U.S.S.G. 1B1.13(b)(1)(C) provides that extraordinary and compelling reasons exist warranting compassionate release when "[t]he defendant is suffering from a medical condition that require long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

The Court has reviewed the medical records attached to Defendant's Motion and finds no evidence that he is deteriorating, that his medical conditions require long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death, or that his ability to care for himself has been seriously diminished.

It bears noting that the Government acknowledged that Defendant's chronic kidney disease could prove fatal. (Resp. 5:15–19). But the district courts who have granted compassionate release based on this condition have done so where the defendant "required dialysis, had very advanced kidney disease, or were severely immunocompromised" during the

heart of the COVID-19 outbreak. *United States v. Montoya*, No. 18-cv-10225, 2022 WL 872628, at *2 (D. Mass. Mar. 24, 2022) (collecting cases). Defendant's stage III chronic disease is neither "very advanced" nor does he require dialysis, and as explained in greater detail below, the COVID-19 emergency has largely abated. *See United States v. Isom*, No. 1:03-cr-241, 2024 WL 2846467, at *3 (M.D.N.C. June 5, 2024) (determining that the defendant's stage III chronic kidney disease was not an extraordinary and compelling reason warranting compassionate release). While Defendant disputes the quality of care he is receiving, the record before the Court does not demonstrate the BOP has abdicated monitoring and treating his condition such that he is at risk of serious deterioration in health or death.[4] In sum, the Court disagrees with Defendant that medical conditions present "extraordinary and compelling" reasons warranting compassionate release.

### B. COVID-19 Conditions at FCI Low Beaumont

Defendant emphasizes that he faces a higher risk of serious health complications from COVID-19 because of his underlying medical conditions. (MSR at 3, 8). He further contends that a sentence reduction is warranted because of the harsh conditions in prison due to the COVID-19 pandemic.

The conditions at FCI Low Beaumont demonstrate that Defendant does not face a high risk of infection at his facility. Risk of infection can be shown by demonstrating the facility where the defendant resides is currently suffering from a COVID-19 outbreak or is at risk of an outbreak. *See, e.g.*, *United States v. Terraciano*, 492 F. Supp. 3d 1082, 1085–86 (E.D. Cal. 2020). The BOP reports that FCI Low Beaumont has zero active COVID-19 among inmates. *See* BOP, "Inmate COVID-19 Data,"

---

[4] The Court recognizes Defendant's disagreement with the adequacy of treatment he is receiving but advises him that generally, inadequate medical care does not make an individual eligible for compassionate release. *United States v. Miller*, No. 15-cr-00471, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021). Instead, where an institution fails to provide adequate medical care, as Defendant alleges, the proper avenue for relief is bringing a civil claim as set forth by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976).

https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#, (last visited July 7, 2024). The low rates of transmission suggest that prison conditions at FCI Low Beaumont do not rise to the level of an extraordinary and compelling circumstance. *United States v. Bright*, No. 17-cr-0270, 2022 WL 16951832, at *4 (S.D. Cal. Nov. 15, 2022).  Accordingly, Defendant has failed to show extraordinary and compelling reasons warranting his release when considering the low infection rates at FCI Low Beaumont.[5]

The Court also disagrees that a reduction is warranted because Defendant's incarceration was made harsher due to the COVID-19 pandemic. (MSR at 2, 8).  "General conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Samal*, No. 18-cr-0214, 2023 WL 2579887, at *4 (W.D. Wash. Mar. 16, 2023) (quoting *United States v. Bolden*, No. 16-cr-320, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020)).  Thus, courts have rejected generalized claims "that [a defendant's] period of incarceration, served during the time of Bureau of Prisons' COVID-19 restrictions, has presented harsher punishment," thereby warranting a sentence reduction. *United States v. Suryan*, No. 19-cr-0082, 2021 WL 3510423, at *3; *see also United States v. Veletanlic*, No. 18-cr-0162, 2021 WL 5205706, at *4 (W.D. Wash. Nov. 9, 2021) (rejecting argument that the general "conditions at [defendant's prison] warrant release, including the number of COVID-19 infections and deaths, the lax implementation and enforcement of COVID-19 prevention policies, the impossibility of

---

[5] It is true that Defendant's chronic kidney disease and other conditions may increase the likelihood of acute sickness after contracting COVID-19. *See* People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention (last visited July 7, 2024), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  Defendant, however, does not disclose the extent to which he has been vaccinated against COVID-19, and COVID-19 vaccines, particularly up-to-date bivalent boosters, have been reported as safe and effective in protecting against severe medical outcomes caused by COVID-19 and identified variants. *See, e.g.*, COVID-19 Vaccine Effectiveness Update, Ctrs. for Disease Control & Prevention (last visited July 7, 2024), https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness.  The widespread availability of COVID-19 vaccines greatly diminishes any related risk of death or serious injury as a basis for compassionate release.

maintaining social distancing, and the unhygienic living situations"). Accordingly, the Court finds that Defendant's conditions of confinement during the pandemic do not constitute "extraordinary and compelling" circumstances warranting a sentence reduction.

### C. Caretaker to Parents

Defendant further argues that a sentence reduction is warranted because his parents need care due to their advanced age and medical conditions, and he is their only available caretaker. (MSR at 3). In response, the Government contends that Defendant has neither shown that his parents are incapacitated, nor that he is their only available caretaker. (Resp. 9:22–10:23).

A defendant's family circumstances can constitute an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3). Specifically, extraordinary and compelling reasons may exist under § 1B1.13(b)(3)(A) if a child who is 18 years or older is "incapable of self-care because of a mental or physical disability or a medical condition." Additionally, incapacitation of an "immediate family member" may also constitute a reason for release, but must be a child, spouse or registered partner, parent, grandchild, grandparent, or sibling. U.S.S.G § 1B1.13(b)(3)(B)–(D).

The Court agrees with the Government that Defendant has not met his burden of showing his parents are incapacitated. Defendant's Motion included a letter from his parents, explaining that they both have diabetes, which has made daily tasks more difficult. (Parents' Letter at 2, Ex. C to MSR, ECF No. 113-1). According to Defendant's mother, she also has coronary problems, which has led to two stents being implanted in her heart, is set to have two knee replacements, and is being treated for "an eye bleed that could cause blindness." (*Id.*). This letter does demonstrate that Defendant's parents have conditions making daily life more challenging but includes no verifiable medical documentation indicating they are incapable of self-care. *See United States v. Azama*, No. 2:22-cr-00060, 2024 WL 81384, at *2 (denying defendant's motion for compassionate release in part because the defendant failed to provide

the court with "an objective medical diagnosis that Defendant's mother could not be left alone" in support of his extraordinary and compelling circumstances contention). Indeed, none of his parents' listed conditions appear to render them incapable of self-care. *See United States v. Bistodeau*, No. 4:17-cr-00100, 2022 WL 6731367, at *2 (D. Idaho Oct. 11, 2022) (finding that defendant's father's diagnosis of Leukemia, without more, did not constitute incapacitation).

Moreover, even if Defendant's parents were incapacitated, he has not demonstrated he is the only available caregiver. Defendant's PSR identifies that he has a sister. (PSR ¶ 78). Defendant has not sufficiently explained she cannot serve as caretaker for their parents, and otherwise provides no explanation as to "whether [other] household members, friends in the community, or relatives other than his siblings . . . would have the time, money, and resources to help with his [parents] care." *United States v. Nishida*, No. 19-cr-00025, 2023 WL 7222875, at *3 (D. Haw. Nov. 2, 2023); *see United States v. Avila*, No. 18-cr-5205, 2022 WL 3346351, at *3 (W.D. Wash. Aug. 12, 2022) (denying compassionate release where defendant "ha[d] not established that he is the only available caregiver for his wife, his father, or his children").

The Court recognizes Defendant's incarceration places a heavy burden on his parents. But "the fact that an inmate has a . . . parent who could well benefit from the assistance from an incarcerated son or daughter would not constitute an extraordinary event." *United States v. Rouche*, No. 07-cr-0344 RSL, 2021 WL 2778577, at *5 (W.D. Wash. July 2, 2021). Thus, Defendant has not established that a reduction is warranted on this basis.

In sum, whether Defendant's proffered reasons are viewed in isolation or together, he has not met his burden to show that "extraordinary and compelling reasons" warrant a reduction in his sentence. Therefore, the Court does not need to address whether Defendant's release would pose a danger to the community or any of the factors set forth in 18 U.S.C. §

///

///

3553(a).[6] *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A] district court that properly denies compassionate release compassionate release need not evaluate each step."). Accordingly, Defendant's Motion for Compassionate Release is DENIED.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 112), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF No. 113), is **GRANTED**.

**DATED** this __9__ day of July, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[6] Even if the Court did address the 18 § U.S.C. 3553(a) factors, it would find a reduction is not warranted for the reasons set forth by the Government. (Resp. 12:5–14:4).